IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON OSBORNE, | ) |
| Plaintiff, | ) NO. 3:07-1290 |
| v. | ) JUDGE HAYNES |
| GEORGE M. LITTLE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, Clinton Osborne, a state inmate, filed this action under 42 U.S.C. § 1983 against the Defendants: George M. Little, John Fisher, Amanda Sluss, Roland Colson, Jim Dickman and Donald Dunnaway. Plaintiff asserts Eighth Amendment claims for the Defendants' alleged endangerment of his personal safety.

Before the Court are the Defendants' motion to dismiss (Docket Entry Nos. 14 and 16), contending, in sum that Plaintiff has not suffered any cognizable or actual injury and thus fails to state an Eighth Amendment claim against any of these Defendants. Plaintiff has filed several responses. (Docket Entry Nos. 18, 20 and 21).

**A. Analysis of the Complaint**

On October 22, 2005, Osborne was inmate at Charles Bass Correctional Complex where he disclosed to authorities that an officer instructed him to deliver a jar of peanut butter to another inmate and the jar had a gun hidden inside. (Docket Entry No. 1, Complaint, ¶ VI (3)). Osborne was then transferred to Riverbind Maximum Security Institution (RMSI") and placed in the protective custody unit. Id. at (3)(I)). Osborne alleges that while he was at RMSI he feared for his safety due to threats from inmates and sought a transfer to Deberry Special Needs Facility

("DSNF"). Id. at (3)(I) and (4). Osborne alleges that during his two months confinement at RMSI, other inmates verbally abused and threatened Plaintiff. Id. at 5.

According to Plaintiff, on December 15, 2005, Defendant Sluss informed the local media that Plaintiff reported the gun-smuggling incident and released his name and photograph to the press. Id. at 7. Plaintiff also disclosed this information to Defendant Fisher. Plaintiff alleges that Sluss's disclosure to the media endangered his personal safety and cause him emotional distress. Id.

After this media disclosure, Plaintiff was transferred to Deberry Special Needs Facility, id. at 5 and 6, but continued to receive inmate threats. Id. Upon learning of a possible death plot, Acting Assistant Warden Nixon transferred Osborne to Unit-7F at DSNF until the inmates involved in the plot were removed from DSNF. Id. at ¶ 6, 11 and 12.

Here, the transfers and threats at issue occurred in October and December 2005. Plaintiff submitted this action on December 4, 2007 (Docket Entry Nos. 1 and 2). Plaintiff filed an earlier action against these Defendants on October 12, 2006 that was dismissed for his failure to exhaust his administrative remedies. Osborne v. Little, 3:06-1148 (Docket Entry No. 45, Order dated September 21, 2007) (Campbell, C.J.).

### B. Conclusions of Law

Pro se complaints are to be construed liberally by the Courts. Boag v. MacDougall, 454 U.S. 364 (1982). Upon consideration of any motion to dismiss, a District Court is to "treat all of the well-pleaded allegations of the complaint as true." Miree v. De Kalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In addition, "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se complaints are to be held to

2

"less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 (1972).

Osborne's claim is governed by Personal Litigation Reform Act ("PLRA") that provides in pertinent part, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997E(E). The PLRA "applies to Eighth Amendment claims for emotional or mental damages." Jarriett v. Wilson, 162 Fed.Appx. 394 **4 (6th Cir. 2005 Ohio).

Osborne's personal safety claims arises under the Eighth Amendment. In Hudson v. Palmer, 468 U.S. 517, 526-27 (1984), the Supreme Court held that "prison administrators are [charged with the responsibility of ensuring] the safety of not only the prison staffs and administrative personnel, but also visitors, . . . [and are] under an obligation to take reasonable measures to guarantee the safety of the inmates themselves."

In the Sixth Circuit, it is reasonable preventable assault, rather than any fear of assault, that gives rise to a compensable Eighth Amendment claim. Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998). A claim of psychological injury does not reflect the deprivation of the minimal civilized measures of life's necessities that is the touchstone of a conditions of confinement case. Id. In Wilson, the plaintiff's claim was the officers failed to protect him from threatening gang members. The Court characterized the claim as an Eighth Amendment conditions of confinement claim and held:

> Requests for damages seek to compensate plaintiffs for past injuries. See Carey v. Piphus, 435 U.S. 247, 254-57, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In this case, Wilson advances no allegation that the Aryan Brotherhood actually injured him

3

physically. Nor does he even hint that he has suffered any emotional or psychological injury from the alleged threats. Even if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in this Eighth Amendment context. The Supreme Court itself has noted that " extreme deprivations are required to make out a conditions-of-confinement claim," Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (emphasis added), as opposed to an excessive force claim. No such egregious failures on the part of prison officials have been established here. Also, as the Seventh Circuit recently concluded in Babcock v. White, 102 F.3d 267, 272 (7th Cir.1996):

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 ... (1991); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 ... (1981), that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," Farmer, 511 U.S. [at 834], 114 S.Ct. 1970 ..., but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

Id. at 601.

Here, Plaintiff's cooperation with prison authorities can give rise to reasonable fears for his personal safety. Yet, the Defendants at RMSI and DSNF took measures to protect Plaintiff's safety by placing him in protective custody at RMSI and a subsequent transfer to DSNF where Plaintiff was again placed him in protective custody at DSNF. Plaintiff does not allege any actual physical injury in the years after these critical events in 2005. Osborne has not asserted a claim for declaratory or injunctive relief. Under Wilson, Plaintiff cannot recover damages for his fears that give rise to his claims for emotional distress or mental suffering alone. On these facts and Wilson, Plaintiff's claim for mental suffering arising from his fears for his physical safety fails to

4

state an Eighth Amendment claim for damages.

As to Plaintiff's state law claim for negligence without a viable claim against any of the Defendants, this Court lack jurisdiction over Plaintiff's state law claims. Wal-Juice Bar, Inc. v. Aleut, 899 F.2d 1502, 1504 (6th Cir. 1990).

Accordingly, the Defendants' motions to dismiss (Docket Entry Nos. 14 and 16) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of August, 2008.

WILLIAM J. HAYNES, JR.
Untied States District Judge

5